IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RITA D'ANGELO, § <br>     PLAINTIFF § <br> § <br> VS. § <br> § <br> ZURICH AMERICAN INSURANCE § <br> COMPANY, § <br>     DEFENDANT § | CIVIL ACTION NO: 3:23-cv-111 |

**NOTICE OF REMOVAL OF DEFENDANT ZURICH AMERICAN INSURANCE COMPANY**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Zurich American Insurance Company ("Defendant") files this Notice of Removal, removing Cause No. 23-CV-0363 from the 56th Judicial District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, based on diversity of citizenship. In support of this Notice of Removal, Defendant states:

### I. INTRODUCTION

1. Removal of this case is proper because the Court has original jurisdiction over this matter according to 28 U.S.C. § 1332. Specifically, the amount in controversy exceeds $75,000.00, and the citizenship of Plaintiff is diverse from Defendant.

### II. PARTIES

2. Plaintiff is an individual residing in Galveston County, Texas.[1] Plaintiff's residence address in the State of Texas is 2350 Opal Springs Lane, Friendswood, Texas 77546 ("Residence").[2] Plaintiff is a Texas resident, domiciled in Texas, and therefore is a citizen of

---

[1] App 006, Plaintiff's Original Petition, ¶ 2.
[2] App 007, Plaintiff's Original Petition, ¶ 7.

Texas. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

3. Defendant Zurich American Insurance Company is a New York Corporation,[3] with its principal place of business in Schaumburg, Illinois. Accordingly, Defendant is not a citizen of the State of Texas for purposes of diversity of citizenship. *See* 28 U.S.C. 1332(c)(1).

### III. PROCEDURAL HISTORY

4. On March 9, 2023, Plaintiff filed and commenced Cause No. 23-CV-0363, *Rita D'Angelo v. Zurich American Insurance Company* in the 56th Judicial District Court of Galveston County, Texas ("State Court Lawsuit").[4]

5. On March 20, 2023, Plaintiff served a copy of the citation and petition via certified mail delivered to Zurich's registered agent for service, Corporation Service Company ("CSC"). Defendant files this Notice of Removal within thirty days after service of the State Court Lawsuit, therefore, this removal is timely. 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action. 28 U.S.C. § 1446(c).

### IV. FACTUAL BACKGROUND

6. Plaintiff sued Defendant alleging breach of contract, violations of Texas Insurance Code § 541.060, 541.151, 542.055, 542.056, 542.058 & 542.060, violations of Texas Business and Commerce Code § 17.46 & 17.50, and violations of common law duty of good faith and fair dealing.[5] The Policy at issue is a Zurich Homeowner Policy No. ZHO-7539597, issued to Plaintiff by Defendant.[6]

---

[3] App 127, Illinois Department of Insurance printout.
[4] App 006-019, Plaintiff's Original Petition.
[5] App 012-014, Plaintiff's Original Petition, ¶ 35-47.
[6] App 041-118, Policy ZHO7539597.

7.       In the Petition, Plaintiff prays for compensatory damages, consequential damages, treble damages, exemplary damages, pre- and post-judgment interest, statutory penalties, and other costs and expenses.[7] Plaintiff also seeks an award for attorneys' fees.[8]

### V. BASIS FOR REMOVAL

8.       Defendants are entitled to remove any action filed in state court over which a federal court has original jurisdiction. 28 U.S.C. § 1441.  The two principal bases by which federal courts obtain original jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  Removal is proper in this case because the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity among the parties and an amount in controversy that exceeds $75,000.00.  28 U.S.C. § 1332. As outlined above, Plaintiff is a citizen of Texas and Defendant is a citizen of New York and Illinois. The parties are diverse.

9.       The second requirement of diversity jurisdiction is that the amount in controversy exceeds $75,000.00.  A defendant may perfect a notice of removal based on allegations in the pleadings or facts in the notice. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.6 (5th Cir. 1992).  The Court may consider "policy limits...penalties, statutory damages" and other damages relevant at the time Plaintiff filed the State Court Action. *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 34 F.3d 1250, 1254 (5th Cir. 1998).

10.      Plaintiff's petition specifically states that they are seeking "monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs."[9] Additionally, Plaintiff specifically pleads $30,468.08

---

[7] App 015-017, Petition ¶ 50-59.
[8] App 016, 017, Petition ¶ 53-55, 58-59.
[9] App 017, Petition ¶ 59.

in actual damages[10] and requests an award "for three (3) times his actual damages"[11] for alleged violations of the Texas Insurance Code and Texas Business and Commerce Code. These amounts alone reflect an amount in controversy greater than $75,000.00, and still do not include Plaintiff's additional requests for consequential damages, statutory penalties, and attorneys' fees.[12] Further, Plaintiff made additional demands outlined in a letter submitted to Defendant on or about August 11, 2022, in which Plaintiff lists $30,468.08 in actual damages, $1,828.08 in statutory interest, $66,563.18 for additional damages including mental anguish[13], and $1,990.00 in attorneys' fees for a total demand of $100,849.34.[14] Taken cumulatively, Plaintiff's claimed damages plainly exceed the threshold limit of $75,000.00 and demonstrate that the amount in controversy requirement is met in this case.

## VI. VENUE

11.  Venue lies in the Southern District of Texas, Galveston Division, under 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the State Court Lawsuit in this judicial district and division.

## VII. NOTICE TO STATE COURT

12.  Defendant will file with the clerk of the State Court, and will serve upon Plaintiff, a notice of the filing of this Notice of Removal.

## VIII. EXHIBITS TO NOTICE OF REMOVAL

13.  In compliance with 28 U.S.C. § 1446(a) and LR 81, the following exhibits are attached hereto:

    1.  All executed process in the case (App 025-028);

---

[10] App015-016, Petition ¶ 51
[11] App 016, Petition ¶ 54
[12] App 015-017, Petition ¶ 50-59.
[13] App 016, Plaintiff is seeking damages for mental anguish in the petition - Petition ¶ 54
[14] App 123-128, Plaintiff's August 11, 2022 Demand Letter, p. 3

    2. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings:

        a. Plaintiff's Original Petition (App 006-019);

        b. Original Answer of Zurich American Insurance Company (App 029-040);

    3. All orders signed by the state court judge;

    4. The state court docket sheet (App 002);

    5. Civil Cover Sheet (App 001);

    6. Index of documents filed in state court (App 003);

    7. An index of matters being filed (App 119-120); and

    8. A list of all counsel of record, including addresses, telephone numbers and parties represented (App 121-122).

## CONCLUSION

14. The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Consequently, Defendant may remove this action under 28 U.S.C. § 1441.

15. WHEREFORE, Defendant hereby removes the State Court Action captioned Cause No. 23-CV-0363, *Rita D'Angelo v. Zurich American Insurance Company* in the 56th Judicial District Court of Galveston County, Texas.

Dated: April 14, 2023.

Respectfully submitted,

*/s/ Landon Young*
Carter L. Ferguson
State Bar No. 06909500
Federal I.D. No. 33538
cferguson@belaw.com
Landon D. Young
State Bar No. 24095037
Federal I.D. No. 3669065
lyoung@belaw.com

**BRACKETT & ELLIS,**
A Professional Corporation
100 Main Street
Fort Worth, TX 76102 3090
(817) 338 1700
FAX (817) 870 2265

**ATTORNEYS FOR DEFENDANT**
**ZURICH AMERICAN INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all parties and counsel of record, pursuant to the Federal Rules of Civil Procedure, addressed as follows:

**Chad T. Wilson**
Texas Bar No. 24079587
**Jay Scott Simon**
Texas Bar No. 24008040
Chad T. Wilson Law Firm, PLLC
cwilson@cwilsonlaw.com
jsimon@cwilsonlaw.com
*Attorneys for plaintiff*

DATED this April 14, 2023.

*/s/ Landon D. Young*
Landon D. Young